## STATE v STANDARD DRUG CO

Ohio Appeals, 8th Dist, Cuyahoga Co

No 12746. Decided Feb 20, 1933

Jack B. Dworken, Cleveland, for plaintiff in error.

Mooney, Hahn, Loeser, Keough & Beam, Cleveland, for defendant in error.

BLOSSER, PJ, MIDDLETON and MAUCK, JJ (4th Dist), sitting.

MAUCK, J.

If the Justice of the Peace had final jurisdiction it was by virtue of **paragraph 16 of §13422-3 GC** which confers such jurisdiction in cases for

"the violation of any law in relation to the practice of medicine or surgery, or any of its branches."

The immediate and sole question, therefore, is whether the statutes treat Optometry as one of the branches of medicine or surgery. **§1286 GC,** standing alone, gives color to that idea. That section says that one is engaged in the practice of medicine, when **inter alia** he recommends or dispenses any appliance for a bodily infirmity. This language is a development of the early statutory definitions beginning in 92 O.L. 47, extended in 94 O.L. 200, and perfected in 99 O.L. 500. It might at the times mentioned and later have been so construed as to say that one who recommended or dispensed an appliance for a bodily infirmity was a practitioner of medicine or surgery. Later, 106 O.L. 204, the General Assembly provided that the State Medical Board should have jurisdiction over the limited branches of medicine or surgery, naming a number of such branches, but by a general clause including all that are embraced in **§1286 GC,** and, therefore, including Optometrists, if they were covered by the language of that section. However, we are not called upon to determine whether optometry was a limited branch of medical or surgical practice, as the law stood in 1919 when the optometry bill was passed, because by that act optometry lost, if it ever had its statutory place among the limited branches of medical or surgical practice. That act created a new board for the control of the practice of optometry separate from and independent of the State Medical Board. It was still unlawful to practice any of the limited healing arts coming within the definition of **§1286 GC** without license by the State Medical Board, but it became lawful to practice optometry without such certificate, thereby evidencing the Legislative intent to read optometry out of

§1286 GC if it were ever therein.

Optometry, therefore, is not now under the statute a branch of medicine or surgery, and the Justice of the Peace derived no jurisdiction from §13422-3 GC.

Judgment affirmed.

BLOSSER, PJ, and MIDDLETON, J, concur in judgment.